THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charleston
 Scottish Rite Center Historical & Educational Foundation, Inc., Appellant,
 
 
 

v.

 
 
 
 Centimark
 Corporation, Respondent.
 
 
 

Appeal From Charleston County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2012-UP-230
Heard March 19, 2012  Filed April 18, 2012 

REVERSED

 
 
 
 Steven L. Smith and Zachary J. Closer, both
 of Charleston, for Appellant.
 John P. Liekar Jr., of Pittsburgh,
 Pennsylvania; and Preston Bruce Dawkins Jr., of Florence, for Respondent.
 
 
 

PER CURIAM:  Appellant Charleston Scottish Rite Center
 Historical & Educational Foundation, Inc. (Scottish Rite) appeals from an
 order granting Respondent Centimark Corporation's (Centimark) motion for
 summary judgment based upon the trial court's finding that the limited warranty
 barred all of Scottish Rite's claims against Centimark.  On appeal, Scottish
 Rite argues the trial court erred in granting summary judgment because (1) genuine
 issues of material fact remained in dispute and (2) the limited warranty was invalid
 or unenforceable.  We reverse.
1. As to
 Scottish Rite's argument that genuine issues of material fact remained in
 dispute, we find the trial court erred in granting summary judgment because there
 was a genuine issue of material fact as to whether the limited warranty was
 part of the contract.  See Rule 56(c), SCRCP (providing summary judgment
 is appropriate when "the pleadings, depositions, answers to
 interrogatories, and admissions on file, together with the affidavits, if any,
 show that there is no genuine issue as to any material fact and that the moving
 party is entitled to a judgment as a matter of law"); Spence v. Wingate,
 395 S.C. 148, 156, 716 S.E.2d 920, 925 (2011) ("In determining whether any
 triable issues of fact exist, the trial court must view the evidence and all
 reasonable inferences that may be drawn therefrom in the light most favorable
 to the party opposing the motion." (citation omitted)); id. ("An
 appellate court applies the same standard used by the trial court under Rule
 56(c) when reviewing the grant of a motion for summary judgment."
 (citation omitted));  id. ("Because summary judgment is a drastic
 remedy, it should be cautiously invoked to ensure that a litigant is not
 improperly deprived of a trial." (citation omitted)).
2. As to
 Scottish Rite's argument that the limited warranty was invalid or
 unenforceable, we decline to address the issue because it is not necessary to
 the decision of this appeal.  See Futch v. McAllister Towing of
 Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing
 an appellate court need not address all issues on appeal when the disposition
 of one issue is dispositive).
REVERSED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.